Joanna Ardalan (Bar No. 285384)
jardalan@onellp.com
Evan Littman (Bar No. 358272)
elittman@onellp.com
**ONE LLP**
23 Corporate Plaza, Suite 150-105
Newport Beach, CA 92660
Telephone:   (949) 502-2870
Facsimile:    (949) 258-5081

*Attorneys for Plaintiff,*
BackGrid USA, Inc.
BackGrid London Ltd.

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BACKGRID USA, INC., a California corporation; BACKGRID LONDON LTD.<br><br>Plaintiffs,<br><br>v.<br><br>CLAIRE EZE, an individual; and DOES 1-10, inclusive,<br><br>Defendants. | Case No.:   2:25-cv-3473<br><br>**1) COMPLAINT FOR COPYRIGHT INFRINGEMENT (17 U.S.C. § 501)**<br>**2) DECLARATORY RELIEF (17 U.S.C. § 512)**<br><br>**DEMAND FOR JURY TRIAL** |

**COMPLAINT**

Plaintiffs, BackGrid USA, Inc. and BackGrid London Ltd. (collectively, "BackGrid" or "Plaintiffs"), complain against Defendant Claire Eze and Does 1-10 (collectively, "Defendants") as follows:

## JURISDICTION AND VENUE

1. This is a civil action against Defendants for acts of copyright infringement under the Copyright Act, 17 U.S.C. §§ 101 *et seq*. This Court has subject matter jurisdiction under 28 U.S.C. § 1331, 17 U.S.C. § 501(a), and 28 U.S.C. § 1338(a) and (b).

2. Venue is proper in this district under 28 U.S.C. §§ 1391(b) and (c) and 28 U.S.C. § 1400(a) in that the claim arises in this judicial district, and, on information and belief, the Defendants have consented to jurisdiction in, and the injury suffered by Plaintiffs took place in this judicial district. Defendants are subject to the general and specific personal jurisdiction of this Court because of their contacts with the State of California and their understanding and consent to jurisdiction under Twitter's terms of use: "I live outside of the United States and I consent to the jurisdiction of any judicial district in which Twitter may be found." (Defendant's April 5, 2025 DMCA Counter Notification). Among other things, Defendants infringed BackGrid's photographs on Twitter, a platform whose principal place of business is in California. When BackGrid issued a DMCA notification to Twitter for Defendants' infringement, Defendants submitted to Twitter a DMCA counter notification, which claimed, under penalty of perjury, a "good faith belief that the material was removed or disabled as a result of mistake or misidentification of the material to be removed or disabled." Moreover, on information and belief, many of Defendants' approximately 117,000 Twitter followers are from Southern Californiaand on information and belief, Defendant targets those residents.

## PARTIES

3.     Plaintiff BackGrid, USA Inc. ("BackGrid USA") is a California corporation existing under the laws of California, with its principal place of business located in Los Angeles, California.

4.     Plaintiff BackGrid London Ltd. ("BackGrid London") is a limited company formed under the laws of the United Kingdom, with its principal place of business in London, England.

5.     On information and belief, Defendant Claire Eze ("Defendant" or "Ms. Eze") is an individual. She testified to Twitter in her counternotification that she lives in London.

6.     The true names or capacities, whether individual, corporate, or otherwise, of the Defendants named herein as Does 1 through 10, inclusive, are unknown to Plaintiff, who therefore sues said Defendants by such fictitious names. Plaintiffs will ask leave of Court to amend this Complaint and insert the true names and capacities of said Defendants when the same have been ascertained.

## FACTS COMMON TO ALL COUNTS

*BackGrid and the Photographs that Frame This Dispute*

7.     BackGrid owns and operates one of Hollywood's largest celebrity-photograph agencies that has earned a reputation for regularly breaking scoops on sought-after celebrity news. It owns the intellectual property rights, including the copyrights, to photographs that have been licensed to numerous top-tier outlets, such as TMZ, Entertainment Tonight, New York Post, People Magazine, Huffington Post, the Daily Mail, as well as many television stations, newspapers and other prominent media outlets throughout the world. Each license has been granted for valuable consideration, up to hundreds of thousands of dollars.

8.     Among many other in-demand works, BackGrid owns coveted photographs of celebrities and fashion icons such as Zendaya, Tom Holland, A$AP Rocky, Rihanna, members of the Kardashian family, and many others (the "Celebrity Photographs"). Each of the Celebrity Photographs that are at issue in this

3

**COMPLAINT**

action are timely registered. BackGrid filed for copyright registration of the Celebrity Photographs within 90 days of their first publication with the United States Copyright Office. BackGrid USA, Inc.'s copyright registrations are attached hereto as Exhibit A-1. BackGrid London Ltd.'s copyright registrations are attached hereto as Exhibit A-2.

*Defendants and Their Willfully Infringing Activity*

9. Defendant regularly posts celebrity and fashion images on her Twitter account @FentyCop. On information and belief, Ms. Eze operates and controls @FentyCop social media accounts, such as twitter.com/@FentyCop (the "Twitter Account"). Ms. Eze caused each of the Celebrity Photographs to displayed, reproduced, and distributed on the Twitter Account, which had more than 117,000 followers as of the end of 2023. The account is not private, so it does not reflect all viewers who viewed the content.

10. Defendants reproduced, distributed, displayed, and created unauthorized derivative works of the Celebrity Photographs on the Twitter Account without consent or license, as shown in Exhibit B, which is incorporated herein by reference.

11. Defendants violated federal law by willfully infringing BackGrid's copyrights to at least 34 Celebrity Photographs on, at least, the Twitter Account.

12. BackGrid sent a DMCA takedown notification for at least one of the infringing photos. In response, Defendants issued a counter notification to Twitter, claiming that they were legally permitted to post the photographs even though they were not.

13. Defendants are well-versed in celebrity and fashion news and industry practices. They knew they did not have the right to post the Celebrity Photographs. Among other things, Defendants continued to infringe many of BackGrid's photos

4

**COMPLAINT**

after BackGrid issued DMCA notifications. Defendants responded by submitting a DMCA counter notification.

14. Defendants induced, caused, or materially contributed to the reproduction, distribution, and public display of the Celebrity Photographs and derivatives thereof, all while knowing or having reason to know of the infringement on the Twitter Account was without permission, consent, or license.

15. On information and belief, Defendant operates and controls the Twitter Account at all times relevant to this dispute and financially benefits from the infringement of the Celebrity Photographs displayed thereto. On information and belief, Defendants have driven significant traffic to their Twitter Account, and therefore increased its revenues, in large part due to the presence of the sought-after and searched-for Celebrity Photographs that frame this dispute. All of this traffic translates into a substantial ill-gotten commercial advantage and brand awareness as a direct consequence of their infringing actions. Each of the infringements was discovered within 3 years of the filing of this lawsuit.

## FIRST CLAIM FOR RELIEF
### (Copyright Infringement, 17 U.S.C. § 501)

16. BackGrid USA incorporates by reference the allegations in paragraphs 1 through 15 above.

17. BackGrid USA is the owner of all rights, title, and interest in 25 of the copyrights of the Celebrity Photographs that frame this dispute, which substantially consist of wholly original material, and which are copyrightable subject matter under the laws of the United States.

18. BackGrid USA filed for copyright registration of the Celebrity Photographs within 90 days of their first publication with the United States Copyright Office.

19. Defendants have directly, vicariously, contributorily and/or by inducement willfully infringed BackGrid USA's copyrights by reproducing,

1 displaying, distributing, and utilizing the Celebrity Photographs for purposes of trade
2 in violation of 17 U.S.C. § 501 *et seq.*

3   20.   All of the Defendants' acts are and were performed without permission,
4 license, or consent of BackGrid USA.

5   21.   BackGrid USA has identified at least 25 instances of infringement by
6 way of the unlawful reproduction and display of BackGrid USA's photographs.

7   22.   As a result of the acts of Defendants alleged herein, BackGrid USA has
8 suffered substantial economic damage.

9   23.   Defendants have willfully infringed, and unless enjoined, will continue
10 to infringe BackGrid USA's copyrights by knowingly reproducing, displaying,
11 distributing, and utilizing its photographs by, among other things, virtue of
12 Defendants' encouragement of the infringement and financial benefits they receive
13 from BackGrid USA's copyrights.

14   24.   The wrongful acts of Defendants have caused, and are causing, injury to
15 BackGrid USA, which cannot be accurately computed, and unless this Court
16 restrains Defendants from further commission of said acts, BackGrid USA will
17 suffer irreparable injury, for all of which it is without an adequate remedy at law.
18 Accordingly, BackGrid USA seeks a declaration that Defendants are infringing
19 BackGrid USA's copyrights and an order under 17 U.S.C. § 502 enjoining
20 Defendants from any further infringement.

21   25.   The above-documented infringements alone would entitle BackGrid
22 USA to a potential award of up to $150,000 per work in statutory damages for each
23 of the 25 infringed photographs, in addition to its attorney's fees.

## SECOND CLAIM FOR RELIEF
### (Copyright Infringement, 17 U.S.C. § 501)

27   26.   BackGrid London incorporates by reference the allegations in
28 paragraphs 1 through 15 above.

27. BackGrid London is the owner of all rights, title, and interest in 10 of the copyrights of the Celebrity Photographs that frame this dispute, which substantially consist of wholly original material, and which are copyrightable subject matter under the laws of the United States.

28. BackGrid London filed for copyright registration of the Celebrity Photographs within 90 days of their first publication with the United States Copyright Office.

29. Defendants have directly, vicariously, contributorily and/or by inducement willfully infringed BackGrid London's copyrights by reproducing, displaying, distributing, and utilizing the Celebrity Photographs for purposes of trade in violation of 17 U.S.C. § 501 *et seq.*

30. All of the Defendants' acts are and were performed without permission, license, or consent of BackGrid London.

31. BackGrid London has identified at least 10 instances of infringement by way of the unlawful reproduction and display of BackGrid London's photographs.

32. As a result of the acts of Defendants alleged herein, BackGrid London has suffered substantial economic damage.

33. Defendants have willfully infringed, and unless enjoined, will continue to infringe BackGrid London's copyrights by knowingly reproducing, displaying, distributing, and utilizing its photographs by, among other things, virtue of Defendants' encouragement of the infringement and financial benefits they receive from BackGrid London's copyrights.

34. The wrongful acts of Defendants have caused, and are causing, injury to BackGrid London, which cannot be accurately computed, and unless this Court restrains Defendants from further commission of said acts, BackGrid London will suffer irreparable injury, for all of which it is without an adequate remedy at law. Accordingly, BackGrid London seeks a declaration that Defendants are infringing

BackGrid London's copyrights and an order under 17 U.S.C. § 502 enjoining Defendants from any further infringement.

35. The above-documented infringements alone would entitle BackGrid London to a potential award of up to $150,000 per work in statutory damages for each of the 10 infringed photographs, in addition to its attorney's fees.

## THIRD CLAIM FOR RELIEF
## (Declaratory Judgment, 17 U.S.C. 512(g))

36. BackGrid incorporates here by reference the allegations in paragraphs 1 through 35 above.

37. An actual controversy exists as to whether Defendants is entitled to post BackGrid's photographs without BackGrid's consent on its Twitter Account.

38. BackGrid owns the Celebrity Photographs that were posted on the Twitter Account without consent or license. Defendants infringed BackGrid's photographs to drive traffic to its Twitter Account and promote and grow its brand.

39. BackGrid herein alleges that Defendants were not entitled to infringe its photographs and that the Defendant's conduct was willful. Defendant, through its counternotification, contends that she was entitled to post the Celebrity Photographs. As such, a controversy exists and BackGrid is entitled to a declaratory judgment order enjoining Defendant from infringing its photographs. 17 U.S.C. § 512(g).

40. Defendants' violation of 17 U.S.C. § 501, et al. has caused, and, unless restrained by this Court, will continue to cause, irreparable injury to Plaintiffs not fully compensable in monetary damages. Plaintiffs are entitled to a preliminary and permanent injunction enjoining Defendants from further such violations.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for judgment against Defendants as follows:

1. That the Defendants, and their officers, agents, servants, employees, and representatives, and all persons in active concert or participation with them, be

1 | permanently enjoined from copying, reproducing, displaying, promoting, advertising, distributing, or selling, or any other form of dealing or transaction in, any and all Photographs of BackGrid;

2. That an accounting be made for all profits, income, receipts or other benefit derived by Defendants from the unlawful reproduction, copying, display, promotion, distribution, or sale of products and services, or other media, either now known or hereafter devised, that improperly or unlawfully infringes upon Plaintiff's copyrights pursuant to 17 U.S.C. § 504 (a)(1) & (b);

3. For actual damages and disgorgement of all profits derived by Defendants from their acts of copyright infringement, removal, and for all damages suffered by it by reasons of Defendant's acts, under 17 U.S.C. § 504 (a)(1) & (b);

5. For statutory damages for copyright infringement, including willful infringement, in accordance with 17 U.S.C. § 504(a)(2) & (c);

6. For reasonable attorneys' fees incurred herein pursuant to 17 U.S.C. § 505;

7. For costs and interest pursuant to 17 U.S.C. § 504 (a)(1) & (b), 17 U.S.C. § 505; and

8. For any such other and further relief as the Court may deem just and appropriate.

Dated: April 18, 2025

ONE LLP

By: /s/ Joanna Ardalan
Joanna Ardalan
Evan Littman

*Attorneys for Plaintiffs,*
BackGrid USA, Inc.
BackGrid London Ltd.

# DEMAND FOR JURY TRIAL

Plaintiffs BackGrid USA, Inc. and BackGrid London Ltd., hereby demand trial by jury of all issues so triable under the law.

Dated: April 18, 2025

ONE LLP

By: /s/ Joanna Ardalan
Joanna Ardalan
Evan Littman

*Attorneys for Plaintiff,*
BackGrid USA, Inc.
BackGrid London Ltd.